Elizabeth HANSEN

v.

SHEARSON/AMERICAN EXPRESS, INC., et al.

Civ. A. No. 82–4945.

United States District Court, E.D. Pennsylvania.

May 8, 1987.

William J. O'Brien, Philadelphia, Pa., for plaintiff.

C. Joseph Manfredo in pro per.

Robert L. Pratter, Philadelphia, Pa., for Shearson/American Exp., Inc.

Walter M. Phillips, Jr., Philadelphia, Pa., for C. Joseph Manfredo.

S. Paul Palmer pro se.

Gregory M. Harvey, Elizabeth L. Hoop, Philadelphia, Pa., for Arthur L. Guptill.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This case began as a suit by Elizabeth Hansen against the brokerage firm of Shearson/American Express ("Shearson") and two of its brokers, C. Joseph Manfredo ("Manfredo") and S. Paul Palmer. Plaintiff alleged that defendants had mishandled her securities account. Shearson filed a third-party complaint against Arthur L. Guptill ("Guptill"), alleging that Guptill, plaintiff's brother-in-law, had ratified the allegedly improper transactions. Guptill then filed claims, which he captioned generally as "counterclaims and crossclaims," against Shearson, Manfredo, and A.G. Edwards & Sons, Inc. ("Edwards"). Guptill's claims, which concern the way in which Shearson, Manfredo, and Edwards handled *Guptill*'s accounts, arose, as did plaintiff's claims, under federal and state law.

In 1984, plaintiff resolved her claims against Shearson, Manfredo, and Palmer; in 1985, Guptill resolved his claims against Shearson and Edwards. The only claim remaining in this case is Guptill's claim against Manfredo.

Manfredo, who was for a time represented by counsel, entered a pro se appearance in February of 1984. Neither Manfredo nor his former counsel answered Guptill's "claim." In June of 1986, Guptill secured a clerk's entry of default against Manfredo. Guptill then filed a motion for a default judgment, which Manfredo opposed. After briefing, Guptill withdrew his opposition to Manfredo's request that the clerk's entry of default be vacated. In January of 1987, this court vacated the clerk's entry of default and denied Guptill's motion for a default judgment.

Manfredo now moves to dismiss Guptill's claim, or, in the alternative, to transfer what remains of this litigation to a different venue. Manfredo argues that Guptill's claim was improper *when brought.* Thus, we shall view the pleadings without regard to the settlements that have, over the years, stripped this litigation of all claims but the one at issue in this Memorandum— although we shall not disregard the passage of time to the extent that it bears independent significance.

## I.

Manfredo, who was one of the original defendants, did not bring Guptill into this litigation. Rather, it was Shearson, one of Manfredo's co-defendants, who filed a third-party complaint against Guptill. Rule

14(a) of the Federal Rules of Civil Procedure "does not expressly provide for a cross-claim or a counterclaim by a third-party defendant against a co-defendant of the third-party plaintiff." 6 Wright & Miller, Federal Practice and Procedure § 1456 at 304 (1971). The difficult question posed by Manfredo's motion to dismiss is whether such a claim is proper.[1]

To address this question, we must first determine the nature of Guptill's "claim." At different times, this court has characterized Guptill's claim against Manfredo as either a permissive counterclaim (Memorandum/Order of October 13, 1983) or as a cross-claim (Memorandum of October 29, 1986). Upon further reflection, neither characterization of Guptill's claim is correct.

### A.

Rule 13(g) of the Federal Rules of Civil Procedure provides that cross-claims are to be brought by a party "against a co-party." Co-parties have been defined as "parties having like status." *Murray v. Haverford Hospital Corp.*, 278 F.Supp. 5, 6 (E.D.Pa. 1968). The meaning of the term "co-party" is not self-evident, even with interpretive gloss placed on it by the court in *Murray*. The Third Circuit has suggested in dictum that "[c]ross-claims are litigated by parties on the same side of the main litigation." *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d Cir.1970). To the extent that Manfredo and Guptill both stood to lose if Hansen prevailed—Manfredo directly, Guptill indirectly (as Shearson's indemnitor)—they might be viewed as "parties on the same side of the main litigation" and the conclusion might be reached that a claim by Gup-

till against Manfredo is a cross-claim. But the matter appears not to be as simple as the *Stahl* dictum would suggest.

In *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62, 66 (3d Cir.1971), the plaintiff, a railroad employee, was injured as a result of a collision between a train and a truck. The railroad brought a third-party complaint against several parties responsible for the truck, seeking contribution or indemnification in the event that plaintiff prevailed on his personal injury claim against the railroad. At the same time, the railroad brought a claim against the third-party defendants for property damage to the train. Faced with the question of whether the property claim was procedurally proper, the Third Circuit rejected the view that the claim could properly be characterized as a cross-claim. The court held that it would be "untenable" to view these parties as "co-parties" because their interests as third-party litigants were adverse. *Id.* at 66. Although the court made no reference to its definition of cross-claims in *Stahl*, it would appear at the very least that, after *Schwab*, the fact two parties are on the same side of the *main* litigation is not dispositive of the question of whether they are "co-parties" who may, other requirements being met, bring cross-claims against one another.

Most courts that have addressed the question have held that third-party defendants are not "co-parties" of the original defendants in the action for purposes of Rule 13(g).[2] *See Murray v. Haverford Hospital*, 278 F.Supp 5 (E.D.Pa.1968); *Paur v. Crookston Marine, Inc.*, 83 F.R.D. 466 (D.N.D.1979); *Malaspina v. Farah*

---

1. In our Memorandum/Order of October 13, 1983, we addressed the question of whether Guptill's claim against *Edwards* was procedurally proper. We concluded that Edwards was properly joined under Fed.R.Civ.P. 13(h), largely because of the relationship between Guptill's claim against Edwards and his claim (characterized in the Memorandum/Order as a "permissive counterclaim") against Manfredo. Edwards' motion to dismiss did not challenge the propriety of Guptill's claim against Manfredo.

2. In *American General v. Equitable General*, 87 F.R.D. 736, 738 (E.D.Va.1980), the court discussed the authority in favor of this reading of Rule 13(g) but, without presenting authority to the contrary, declined to dismiss several improper cross-claims. The court found that because the claims could have been brought as independent actions and then consolidated with the main litigation, the parties seeking to dismiss the cross-claims would not be prejudiced by permitting the cross-claims to remain in the main litigation as such.

*Mfg. Co., Inc.,* 21 Fed.R.Serv.2d 129 (S.D. N.Y.1975); *see generally* 6 Wright & Miller, Federal Practice and Procedure § 1431 at 165 (1971). Although the contrary result was reached in *Fogel v. United Gas Improvement Co.,* 32 F.R.D. 202 (E.D.Pa. 1963), the Third Circuit rejected the reasoning of *Fogel* in its opinion in *Schwab.*

■ The view that a third-party defendant may not cross-claim against a co-defendant of the third-party plaintiff finds support in the amendment history of Rule 14(a) of the Federal Rules of Civil Procedure. As originally drafted, Rule 14(a) provided that the third-party defendant was to bring counterclaims and cross-claims against "the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13." As amended in 1946, the rule made special provisions for claims against the plaintiff, and provided for "counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13" (emphasis added). The underscored change was not specifically explained by the Advisory Committee. The Advisory Committee notes to the 1946 amendment state that changes not specifically explained were meant to be "verbal or conforming." It would thus appear that, in the view of the Advisory Committee, the specification that the "other part[ies]" against whom a third-party defendant might bring cross-claims were "other third-party defendants" was not viewed as a substantive change in Rule 14(a). On the basis of the Advisory Committee Notes to the 1946 Amendment to Rule 14(a), we agree with those courts that have held that a claim by a third-party defendant against a co-defendant of the third-party plaintiff may not properly be characterized as a cross-claim.

■ Even if we were to conclude that such a claim could be viewed as a cross-claim, it would be subject to the subject matter restrictions of Fed.R.Civ.P. 13(g). A cross-claim must arise "out of the transaction or occurrence that is the subject matter *either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."* Rule 13(g) does not define what is meant by the "original action." We think it likely, however, that the phrase relates in some way to the action brought by a plaintiff against one or more defendants. In the case before us, Guptill's purported cross-claim against Manfredo does not relate to the subject matter of Hansen's original complaint. We also reject the notion that, for purposes of Rule 13(g), Guptill's claim against Manfredo arises out of a counterclaim "in" the original action. Guptill's claim against Manfredo is indeed related to Guptill's permissive counterclaim against Shearson. But in this circuit, which has taken a restrictive view of Rule 13(g), *see Danner v. Anskis,* 256 F.2d 123 (3d Cir.1958), we think it highly unlikely that a counterclaim may be viewed as "in" the original action if it is a permissive counterclaim, wholly unrelated to plaintiff's claim in subject matter, brought by a third-party defendant.

### B.

We also conclude that Guptill's claim against Manfredo is not properly characterized as a counterclaim—at least not in its own right. Counterclaims are brought against "opposing parties," and are classified by Rule 13 of the Federal Rules of Civil Procedure according to their relationship to the opposing party's claim against the party bringing the counterclaim. *Compare* Fed.R.Civ.P. 13(a) (compulsory counterclaim) *with* Fed.R.Civ.P. 13(b) (permissive counterclaim). Manfredo had filed no claim against Guptill which would have rendered Guptill an "opposing party" within the meaning of Rule 13. *See Schwab v. Erie Lackawanna R.R. Co.,* 438 F.2d 62, 64 (3d Cir.1971); *United States v. Raefsky,* 19 F.R.D. 355 (E.D.Pa.1956).

However, Guptill also brought a claim against Shearson, the defendant who brought Guptill into this action. Rule 14(a) of the Federal Rules of Civil Procedure permits a third-party defendant to counterclaim against the third-party plaintiff. Guptill's claim against Shearson is properly

characterized as a permissive counterclaim. This court has subject matter jurisdiction over this permissive counterclaim, which alleges, *inter alia,* violations of federal securities and racketeering statutes. *See, e.g., Aldens, Inc. v. Packel,* 524 F.2d 38 (3d Cir.1975) (holding that permissive counterclaims require an independent basis for subject matter jurisdiction). Guptill's claim against Manfredo bears a close factual relationship to Guptill's permissive counterclaim against Shearson: Guptill alleges that Shearson mismanaged his accounts, and Manfredo was Guptill's broker at Shearson.

▪ Rule 13(h) of the Federal Rules of Civil Procedure, which incorporates Rules 19 and 20 by reference, provides for the joinder of parties to permit full adjudication of counterclaims in one proceeding. Under Fed.R.Civ.P. 20(a), parties may be joined "if there is asserted against them ... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Rule 13(h), unlike Rule 13(g), does not require that the claim against the additional party arise out of the "transaction or occurrence that is the subject matter of the original action or of a counterclaim therein." We conclude that the relationship between Guptill's counterclaim against Shearson and Guptill's claim against Manfredo is sufficiently close to permit joinder under Rule 20(a). *See King v. Pepsi Cola Metropolitan Bottling Company,* 86 F.R.D. 4, 5 (E.D.Pa.1979).[3]

Rule 13(h), however, pertains by its terms only to the joinder of "[p]ersons other than those made parties to the original action." The Federal Rules of Civil Procedure make no express provision for a situation, like the one before us, in which a

counterclaimant seeks to add to his counterclaim a party who might properly have been joined under Rule 13(h) but who is already a party to the action. There are few decided cases on this question, and the leading commentators are divided. The Wright and Miller treatise states:

> Rule 13(h) explicitly authorizes only the joinder of 'persons other than those made parties to the original action.' As a result of this restriction, a person cannot be made an additional party under Rule 13(h) if he already is a party to the action. Rather, the party seeking relief may proceed directly against someone who is already before the court by using whatever procedural device is appropriate—counterclaim or cross-claim—depending on the alignment of the parties.

6 Wright & Miller, Federal Practice and Procedure § 1435 at 189 (1971) (footnote omitted). The Moore treatise suggests, however, that one who is already a party to the underlying litigation may be treated as an additional party to a counterclaim under Rule 13(h). 3 Moore's Federal Practice para. 14.17 n. 4 (example of a counterclaim by a third-party defendant against the third-party plaintiff, to which a claim against the original plaintiff is joined).

▪ Neither the Wright and Miller treatise nor the case upon which it relies appears to have contemplated the situation in which there *is* no other procedural device to permit joinder.[4] The case before us presents precisely that situation. Rule 1 of the Federal Rules of Civil Procedure states that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." We are of the view that the purpose of Rule 13(h), which "is to dispose of an action in its entirety and to grant complete relief to all the concerned parties," 6 Wright & Miller,

---

**3.** The outcome of our Memorandum/Order of October 13, 1983, pertaining to Guptill's joinder of Edwards under Rule 13(h), may also be supported on the basis of the relationship between the claim against Edwards and the claim against Shearson, although the question is admittedly a closer one.

**4.** In *Atlantic National Bank v. First National Bank,* 7 F.R.D. 573, 574 (M.D.Pa.1956), the sole case relied upon by Wright and Miller, the court concluded—in our view erroneously—that the third-party defendant could have brought the claim in question as a counterclaim.

Federal Practice and Procedure § 1434 at 188, would best be served by resolving what appears to be an oversight in the Rules in favor of permitting one who might properly have been joined pursuant to Rule 13(h), but who is already a party to the litigation, to be joined in the adjudication of a permissive counterclaim brought by a third-party defendant. In such a situation, we see no purpose in requiring the third-party defendant to serve process on the party to be joined in the same manner as would be required had that party not already been a party to the action. *Cf. American General v. Equitable General,* 87 F.R.D. 736, 738 (E.D.Va.1980).

### C.

 Rule 82 of the Federal Rules of Civil Procedure provides that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Thus, Guptill's joinder of Manfredo is subject to challenges on the basis of subject matter jurisdiction and venue.

We have already stated that Guptill's claim against Manfredo, like his permissive counterclaim against Shearson, alleges violations of federal securities and racketeering laws. There can be no doubt that this court has subject matter jurisdiction of the federal claims and, at least at this stage of the litigation, pendent jurisdiction over the state law claims. We shall therefore deny Manfredo's motion to dismiss the claim against him for lack of subject matter jurisdiction, and turn to his motion to transfer to another venue.

### II.

Manfredo's desire to transfer this case to Connecticut[5] is understandable. Both Manfredo and Guptill are residents of Connecticut, and Guptill's claim against Manfredo appears from the pleadings to have arisen from transactions that took place in Connecticut.

 As litigation under the Federal Rules of Civil Procedure has grown in complexity, the doctrine of ancillary jurisdiction—which permits claims over which the court lacks independent subject matter jurisdiction to be joined to claims properly before the court—has become increasingly important. At the same time, the ability of parties who are joined pursuant to the court's ancillary jurisdiction to object to joinder on grounds of venue has also been limited. *See generally* 1 Moore's Federal Practice para. 0.140[6]. But permissive counterclaims are not within the ancillary jurisdiction of the federal courts. *See Aldens, Inc. v. Packel,* 524 F.2d 38 (3d Cir. 1975). It would thus appear that, at least in some circumstances, a party might properly object to being called upon to defend a claim related to a permissive counterclaim on grounds of venue.

 Nonetheless, 28 U.S.C. § 1406(b) provides that "[n]othing in [the venue chapter of the Judicial Code] shall impair the jurisdiction of a district court of any matter involving a party who does not interpose *timely* and sufficient objection to venue." 28 U.S.C. § 1406(b) (emphasis added). Venue is a "waivable privilege." *Lesnik v. Public Industrial Corporation,* 144 F.2d 968, 975 (2d Cir.1944). Guptill's claim against Manfredo was filed in 1983. While Manfredo absented himself from this litigation, Guptill's Philadelphia counsel became familiar with, and eventually resolved, related claims against Edwards and Shearson. For this reason and for reasons of judicial economy, it is, in our view, too late for Manfredo to object to this court's venue. We shall deny Manfredo's motion to transfer.

---

5. Manfredo asks to transfer this case to the Superior Court for the Judicial District of Stamford/Norwalk, a state court. As we have rejected his challenge to federal subject matter jurisdiction, and as he provides no other argument in support of denying Guptill his choice of a federal forum, we shall consider his motion as a request to transfer this case to the United States District Court for the District of Connecticut.