EARLE M. JORGENSON CO.

v.

T.I. UNITED STATES, LTD., et al.

v.

Robert T. TOSTI.

Civ. A. No. 90–2024.

United States District Court,
E.D. Pennsylvania.

Jan. 22, 1991.

William T. Hangley and Sara M. Staman,
Philadelphia, Pa., for defendant.

Jeffrey A. Smith, Philadelphia, Pa., for
third-party defendants.

## MEMORANDUM

LUDWIG, District Judge.

Third-party defendant Robert T. Tosti moves to dismiss the cross-claim filed by defendant Leonard V. Reed. The narrow, procedural issue is whether a third-party defendant and a co-defendant of the third-party plaintiff are "co-parties" under Fed. R.Civ.P. 13(g).[1]

Plaintiff Earle M. Jorgenson Co. initiated this action to recover clean-up costs and other damages and for declaratory relief arising from environmental contamination of a property in Bristol, Pennsylvania. 42 U.S.C. §§ 9607(a), 9613(f), 28 U.S.C. § 2201. Included among the seven defendants are T.I. United States, Ltd. (TIUS) and an individual, Leonard V. Reed. Until 1984, TIUS was sole shareholder of A.B. Murray Corporation, the former owner of a portion of the contaminated site. First amended complaint at 4. Leonard Reed owned 81 percent of Reed Management, Inc., sole shareholder of A.B. Murray from 1984 to 1990. First amended complaint at 9. Plaintiff contends that "[a]s a result of TIUS's and

---

1. "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action." Fed.R.Civ.P. 13(g).

Reed Management's active participation, control, operation, and management of A.B. Murray ... during the time of a release of hazardous substances on the Site, Jorgenson, as successor to A.B. Murray, has incurred and will continue to incur necessary response costs." First amended complaint at 14.

On October 9, 1990 TIUS filed a third-party complaint for indemnity and contribution against Robert T. Tosti, who from 1983 to 1986 was vice-president of operations of A.B. Murray. On October 12, 1990 defendant Leonard Reed cross-claimed for contribution and indemnity against third-party defendant Tosti.[2] On November 16, 1990 Tosti moved to dismiss, arguing that he as a third-party defendant and Leonard Reed as an original defendant are not "co-parties" under Rule 13(g).

■ Our Court of Appeals' position on this subject has been "characterized as unsettled." *Capital Care Corp. v. Lifetime Corp.*, 1990 WL 2165, 2 (E.D.Pa. Jan. 11, 1990). One case suggests that "[c]ross-claims are litigated by parties on the same side of the main litigation". *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d Cir.1970). However, *Stahl* involved an unripe counterclaim by a third-party defendant against a plaintiff, not against an original defendant, and "the matter appears not to be as simple as the *Stahl* dictum would suggest." *Hansen v. Shearson/American Express, Inc.*, 116 F.R.D. 246, 248 (E.D.Pa.1987). A year later the Court of Appeals stated that because the "third-party plaintiff ... and the third-party defendants are opposing parties rather than co-parties, no claim between them may be characterized as a cross-claim." *Schwab v. Erie Lackawanna R.R. Co.*, 438 F.2d 62, 67 (3d Cir.1971). However, *Schwab* is distinguishable. There, the third-party defendant cross-claimed against its third-party complainant. "[T]hey were adverse upon service of the

third-party complaint," and they remained "opposing parties throughout the case." *Schwab*, 438 F.2d at 66.

"Co-party" is not defined in the Rules.[3] Co-parties have been said to be "parties having like status." *Murray v. Haverford Hospital Corp.*, 278 F.Supp. 5, 6 (E.D.Pa. 1968). However, this description does not resolve the present motion.

> [I]t would appear at the very least that, after *Schwab*, the fact [that] two parties are on the same side of the *main* litigation is not dispositive of the question of whether they are "co-parties" who may, other requirements being met, bring cross-claims against one-another.

*Hansen*, 116 F.R.D. at 248.

The issue is further conflicted by a split within our district. *Hansen* decided, upon consideration of Rule 14(a) and the Advisory Committee Notes, that "a claim by a third-party defendant against a co-defendant of the third-party plaintiff may not properly be characterized as a cross-claim." *Hansen*, 116 F.R.D. at 249.[4] However, in *Capital Care Corp.*, 1990 WL 2165 at 3, it was held that a "sufficiently non-adverse" relationship between third-party defendants and non-joining defendants qualified them as co-parties.

In the formulation of the Rules, the subject of cross-claims may not have received sufficient consideration. *See generally,* Greenbaum, *Jacks or Better to Open: Procedural Limitations on Co–Party and Third–Party Claims,* 74 Minn.L.Rev. 507 (Feb.1990). Under Rule 13(g), as interpreted by third-party defendant, a defendant may not assert a cross-claim against a third-party defendant because they are not "co-parties." Under Rule 14(a), a third-party complaint may not be brought against a third-party defendant that is already a par-

---

2. Reed also cross-claimed for contribution and indemnity against various co-defendants.

3. *See Georgia Ports Authority v. Construzioni Meccaniche,* 119 F.R.D. 693, 695 (S.D.Ga.1988) ("An authoritative definition of 'co-party' is nowhere to be found"); Greenbaum, *Jacks or Better to Open: Procedural Limitations on Co–Party*

*and Third–Party Claims,* 74 Minn.L.Rev. 507, 527 n. 88 (Feb.1990) ("Nowhere in the Rules is the term 'co-party' defined").

4. As amended in 1946, Fed.R.Civ.P. 14(a) provides for cross-claims by the third-party defendant only "against other third-party defendants as provided in Rule 13."

ty to the action.[5] Therefore, a defendant may not claim relief from such a third-party defendant,[6] regardless of the nature of the underlying action.[7] Here, for example, Leonard Reed's only alternative would be to file a separate action against Tosti. This result is bound to frustrate the policy of the Rules—especially that embodied in the cross-claim, counterclaim, and third-party complaint provisions of Rules 13 and 14— to adjudicate all related claims in one proceeding.[8] Moreover, it singles out and rewards, without apparent reason, the defendant that first files a third-party complaint. *See Procedural Limitations,* 74 Minn.L. Rev. at 529, n. 98, 548–49. Such is not a "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.[9]

Given these anomalous consequences, the contention must be rejected that an original defendant cannot cross-claim against an already joined third-party defendant. Under *Capital Care,* the test is whether a "sufficiently non-adverse" relationship exists between the parties before the filing of the cross-claim so as to qualify them as co-parties. *Capital Care,* 1990 WL 2165 at 2–3. But this cannot always be determinative. "The very fact that

cross-claims are allowed contemplates the presence of adversity between cross-claim plaintiffs and cross-claim defendants, and therefore, between 'co-parties'." *Georgia Ports Authority,* 119 F.R.D. at 695.

The approach taken by *Georgia Ports Authority* is realistic and sensible. Facing an identical procedural constellation, the court "construe[d] 'co-party' to mean *any party that is not an opposing party.*" *Georgia Ports Authority,* 119 F.R.D. at 695.

This comports with the structure of the federal rules, which envision three types of claims that may be asserted by defendants: counterclaims, third-party claims, and cross-claims. Rule 13(a) provides that a *counterclaim* may be brought against any *"opposing party."* Rule 14(a) provides that a *third-party complaint* may be brought against *"a person not a party."* Finally, Rule 13(g) provides for *cross-claims* against *"co-parties."* Certainly, the relationship between an original defendant and a third-party defendant fits somewhere into this framework. Characterizing the relationship as that of "co-parties" appears to be the logical choice.

---

**5.** "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a).

**6.** There may be a circuitous exception. Under one view, a defendant may join a third-party defendant as an "additional party" to a cross-claim or counterclaim. Fed.R.Civ.P. 13(h). However, this presupposes a basis for such a claim. An alternative would be to sever plaintiff's claim against Leonard Reed. Fed.R.Civ.P. 21. This would enable Reed to implead Tosti because Tosti would not be a party to the severed action. Fed.R.Civ.P. 14(a). Then the two actions could be consolidated. Fed.R.Civ.P. 42. However, this approach evades the real issue and is not a "just, speedy, and inexpensive determination" of the action. Fed.R.Civ.P. 1. *See Procedural Limitations,* 74 Minn.L.Rev. at 529–30.

**7.** *See Capital Care,* 1990 WL 2165, 2 ("In my view, given the encouragement of F.R.Civ.P. 1, it does not make sense to interpret the Rules of Civil Procedure as precluding the third-party

defendant from filing a third-party complaint against the other [i.e., non-third-party plaintiff] defendants on the ground that they are already parties to the action, hence not covered by Rule 14; precluding the third-party defendants from filing counterclaims against the non-suing defendants because they have not brought a third-party complaint; and, at the same time, precluding the third-party defendants from asserting a cross-claim against these other defendants because they may perhaps not be 'co-parties' within the meaning of Rule 13(g)").

**8.** *See, e.g.,* Rule 13(h), incorporating Rules 19 and 20 by reference, which provides for the joinder of parties to permit full adjudication of counterclaims in one proceeding. *See also Donovan v. Robbins,* 588 F.Supp. 1268, 1273 (N.D. Ill.1984) ("Rule 13(g) was intended to promote the expeditious and economical adjudication of an entire subject matter arising from the same set of facts within a single action"); *Georgia Ports Authority,* 119 F.R.D. at 695 (forcing additional independent actions to be filed "only accomplishes the creation of an extra file").

**9.** If a multiplicity of claims or issues occurs, the trial judge is empowered to order separate trials. Fed.R.Civ.P. 13(i), 42(b).

*Georgia Ports Authority,* 119 F.R.D. at 695.

■ "Any party asserting a claim, whether an original claim, counterclaim, cross-claim or third-party claim, becomes an opposing party to the party sued." *Procedural Limitations,* 74 Minn.L.Rev. at 551.[10] "Opposing parties," therefore, are parties that formally oppose each other on a pleaded claim, such as plaintiffs and original defendants, or third-party plaintiffs and the third-party defendants they have joined. Inasmuch as defendant Leonard Reed and third-party defendant Tosti are not such opposing parties, Reed's cross-claim is proper under Rule 13(g). The motion to dismiss will be denied.

**10.** Accordingly, once a cross-claim has been pleaded, the cross-claimant becomes an opposing party, and "[t]he party against whom [the] cross-claim is asserted must plead as a counterclaim any right to relief that party has against the cross-claimant that arises from the same transaction or occurrence." *Procedural Limitations,* 74 Minn.L.Rev. at 552. Fed.R.Civ.P. 13(a).