Technology v. Moore, et al.          CV-02-146-M    01/24/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Technology Planning Int'l., LLC,
RBP Holdings, Ltd., and
Dover Technologies, Ltd.,
        Plaintiffs

        v.                                    Civil No. 02-146-M
                                              Opinion No. 2003 DNH 018
Moore North America, Inc.
and Raymond Hartman,
        Defendants


                            O R D E R


        This litigation arises out of the parties' inability to successfully come to terms on TPI's proposed purchase of Moore's Document Automation Systems business in Dover, New Hampshire.  In the wake of that impasse, TPI sued Moore seeking, among other things, specific performance of the parties' non-binding letter of understanding, choosing incorrectly to view it as a binding purchase and sale agreement.  By order dated July 19, 2002, the court granted in part and denied in part Moore's motion to dismiss.  Some of TPI's claims (e.g., specific performance) were plainly without legal merit and were, therefore, dismissed.  Those claims that survived did so by the thinnest of margins.  Subsequently, Moore filed counterclaims against TPI and a third

party complaint against TPI's President, Richard Piller, seeking damages for abuse of process and violations of New Hampshire's Uniform Trade Secrets Act (stemming from TPI's decision to attach to its complaint various allegedly confidential documents that were prepared by Moore and provided to TPI as part of its due diligence investigation). The viability of those claims remains to be tested. Not to be outdone, Piller responded with cross-claims of his own against defendant Raymond Hartman.

The parties are now embroiled in discovery disputes which, at least according to TPI, cannot be resolved without judicial intervention. And, says TPI, until those discovery disputes are unraveled, it is not in a position to submit a meaningful opposition to Moore's pending motion for summary judgment.

I.  TPI's Motion to Stay Moore's Motion for Summary Judgment and to Compel Discovery.

Initially, it probably bears mentioning that a fair reading of the court's Local Rules precludes parties from submitting a single motion that seeks disparate forms of relief and/or invokes unrelated Federal Rules (e.g., a Rule 56(f) motion combined with a motion to compel discovery). See generally Local Rule 7.1.

2

Turning first to that part of TPI's motion seeking relief under Rule 56(f), it is denied. Among other things, neither TPI's motion nor the supporting affidavit of counsel satisfies Rule 56(f)'s "utility and materiality" requirements. See Resolution Trust Corp. v. North Bridge Assoc., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994) ("the criterion for Rule 56(f) relief can be thought of as embodying five requirements: authoritativeness, timeliness, good cause, utility and materiality."). While TPI complains that it has not been provided with all discovery that it has requested, it has failed to articulate what it expects that discovery to reveal, or how the requested discovery would support one or more of its claims, or how it would assist TPI in defeating Moore's pending motion for summary judgment. See, e.g., Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n., 142 F.3d 26, 44 (1st Cir. 1998) ("the moving papers must contain a proffer which, at a bare minimum, articulates a plausible basis for the movant's belief that previously undisclosed or undocumented facts exist, that those facts can be secured by further discovery, and that, if obtained, there is some credible prospect that the new evidence will create a trialworthy issue.") (emphasis supplied).

As for that part of TPI's motion seeking to compel defendants to produce discovery, it is referred to the Magistrate Judge.

II. <u>Hartman's Motion to Dismiss Piller's Cross-Claim</u>.

Defendant and cross-claim defendant Raymond Hartman moves to dismiss the cross-claim filed against him by third-party defendant and cross-claim plaintiff Richard Piller. In short, Hartman says because he and Piller do not share a "like status" in the case, such as co-defendants, they cannot be considered "co-parties" under Fed. R. Civ. P. 13(g). And, because that rule only authorizes cross-claims by one party against a "co-party," Piller is precluded from bringing claims against him (at least under Rule 13(g)).

As Hartman himself candidly concedes, there is a decided lack of agreement among courts and legal commentators on this issue. Many have strictly interpreted the language of Rule 13 and concluded that "co-parties" are those that have a similar status in the case, such as co-defendants. <u>See, e.g.</u>, <u>International Paving Systems, Inc. v. Van-Tulco, Inc.</u>, 866 F.

Supp. 682, 695 (E.D.N.Y. 1994) (collecting cases). Others have, however, employed a broader reading of that term, concluding that it applies to any parties who are not adverse or opposing.[1] See, e.g., Earle M. Jorgenson Co. v. T.I. United States, Ltd., 133 F.R.D. 472 (E.D. Pa. 1991); Mauney v. Imperial Delivery Services, Inc., 865 F. Supp. 142 (S.D.N.Y. 1994). Finally, the Court of Appeals for the Fifth Circuit has adopted an even more lenient interpretation of the Federal Rules, concluding that "a third party defendant may file a cross-claim against an original defendant even if it would be inappropriate to characterize the third party defendant as a co-defendant of the original defendant." Thomas v. Barton Lodge II, Ltd., 174 F.3d 636, 652 (5th Cir. 1999).

---

[1] Of course, even under this more liberal interpretation of the term "co-party," it is questionable whether it can properly be said that Piller and Hartman are not adverse or opposing, since Piller is the President of TPI (the company that sued Hartman), and Piller's affidavit provides the factual basis for TPI's complaint against Hartman, and the facts giving rise to TPI's claim against Hartman are the same as those giving rise to Piller's claims against Hartman, and Piller and TPI are represented by the same counsel. In short, it taxes the imagination far less to view Piller and Hartman as "adverse parties," than as "co-parties."

While Hartman's argument in support of his motion to dismiss Piller's cross-claims certainly has some logical appeal, viewing the situation from a slightly broader perspective, it makes little sense to grant the relief he seeks. Even if the court were to conclude that Piller's efforts to pursue a cross-claim against Hartman are not strictly authorized by the Federal Rules, Piller could (and, in light of this case's procedural history, likely would) simply file a separate action against Hartman. Then, he would likely move to consolidate the two proceedings - a motion that would, almost certainly, be granted. Requiring Piller to pursue that avenue is neither warranted nor prudent. Doing so would represent an inefficient use of resources and would add unnecessary confusion to a case that could certainly benefit from a bit more order and clarity. See generally Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). See also Georgia Ports Authority v. Construzioni Meccaniche Industriali Genovesi, S.P.A., 119 F.R.D. 693, 695 (S.D. Ga. 1988) (observing that the Federal Rules of Civil Procedure "envision three types of claims that may be asserted by defendants: counterclaims,

third-party claims, and cross-claims.  Rule 13(a) provides that a counterclaim may be brought against any 'opposing party.'  Rule 14(a) provides that a third-party complaint may be brought against 'a person not a party.'  Finally, Rule 13(g) provides for cross-claims against 'co-parties.'  Certainly, the relationship between an original defendant and a third-party defendant fits somewhere into this framework.  Characterizing the relationship as that of 'co-parties' appears to be the logical choice.") (emphasis in original).

In light of the foregoing, Raymond Hartman's motion to dismiss the cross-claims of Richard Piller (document no. 59) is denied.  For the convenience of the parties, the court, and, should this matter proceed to trial, the jury, the parties will be re-aligned to more accurately represent their interests and positions in this case.  See generally Indianapolis v. Chase Nat'l. Bank, 314 U.S. 63 (1941); U.S.I. Properties Corp. v. M.D. Const. Co., Inc., 860 F.2d 1 (1st Cir. 1988).  As noted above, the interests of Piller and TPI, the company of which he is president, are substantially similar.  Accordingly, rather than designating Piller as a cross-claim plaintiff and Hartman as a

7

cross-claim defendant, Piller shall be designated as simply a co-plaintiff (along with TPI) and Hartman shall be designated as simply a defendant.

## Conclusion

Raymond Hartman's motion to dismiss Richard Piller's cross-claim (document no. 59) is **denied.**

TPI's Motion to Stay Moore's Motion for Summary Judgment and to Compel Discovery (document no. 53) is **granted in part and denied in part.** To the extent TPI seeks relief under Fed. R. Civ. P. 56(f), the motion (document no. 53-1) is denied. To the extent it seeks to compel defendants to produce discovery materials, the motion (document no. 53-2) is referred to the Magistrate Judge.

TPI's Motion for Clarification (document no. 68) is **granted.** Because the court has now ruled on (and denied) TPI's motion to stay, TPI shall file an objection to Moore's pending motion for summary judgment on or before **February 21, 2003.**

8

Other, miscellaneous pending motions are resolved as follows:

Moore's Motion for Default Judgment (document no. 47) is **denied.**

Hartman's Motion for Entry of Default Judgment (document no. 46) is likewise **denied.**

The Petition to Attach with Notice (document no. 60) filed by TPI and Piller is **denied, without prejudice.** Among other things, TPI and Piller have failed to point to any legal authority supportive of their assertion that this court may properly issue a writ of attachment against real and personal property located in Connecticut (i.e., beyond the jurisdictional reach of this court).

Hartman's Motion to Dismiss Plaintiff Technology Planning International, LLC's and "Cross-Claim Plaintiff" Richard W. Piller's Petition to Attach (document no. 67) is **denied as moot,** in light of the court's denial of the petition to attach.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 24, 2003

cc:  William M. Richmond, Esq.
     Theresa D. O'Toole, Esq.
     Daniel P. Luker, Esq.
     Sigmund D. Schutz, Esq.
     Arpiar G. Saunders, Jr., Esq.