AMERICAN GENERAL
v.
EQUITABLE GENERAL.

Civ. A. No. 78–0639–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 18, 1980.

R. Kenneth Wheeler, Jack E. McClard, Virginia W. Powell, and James E. Farnham, Hunton & Williams, Richmond, Va., for plaintiff.

M. Scott Hart, Collins Denny, III, Anthony F. Troy, Mays, Valentine, Davenport & Moore, Richmond, Va., for defendant.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

The parties are presently before the Court with respect to the motion of defendants Henry K. Willard, II (Willard) and Robert Sanders (Sanders), joined in by defendants George C. Boddiger (Boddiger), and Mary W. Chatelain, executrix of the estate of Leon Chatelain, Jr. (Chatelain), (referred to collectively as "movants"), to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) the cross–claims of third–party defendant Continental Casualty Company (Continental). The issue presented to the Court is whether the third–party defendant, Continental, is permitted to file cross–claims against codefendants, movants, of third–party plaintiffs, Gulf Life Insurance Company (Gulf Life), Frank R. Eslinger (Eslinger) and Charles Phillips (Phillips), pursuant to Rule 13(g) and Rule 14(a) of the Federal Rules of Civil Procedure. Respective counsel have briefed the issue and the motion is ripe for disposition.

### I

American General Insurance Company (American General) filed its original complaint in June, 1978, naming as defendants Equitable General Corporation (Equitable General), and its directors, Phillips, Boddiger, Lloyd A. Brewer (Brewer), Eslinger, Sanders, Willard, and Chatelain.[1] The gravamen of American General's complaint was that the conduct of the named defendants constituted security acts violations.[2] A trial to the bench was held from 10 Septem-

---

1. Brewer was dropped as a party defendant by order of the Court entered 28 July 1978; Chatelain was substituted for Leon Chatelain, Jr., per order entered 5 September 1979; and on 8 February 1979 Gulf Life was substituted by order of the Court as a party defendant in place of Equitable General.

2. Specifically American General claimed that the acts and omissions of the defendants, with

regard to the sale of Equitable General stock to Equitable General by American General, constituted violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 of the Securities and Exchange Commission promulgated thereunder, 17 C.F.R. § 240.10b–5 (1979), and constituted violations of the Texas Securities Act, Tex.Code Ann. § 581–33(B)(1978).

ber through 21 September 1979. All issues raised were taken under advisement by the Court and were, on 5 May 1980, decided favorably to plaintiffs. Thereafter, on 18 December 1979, the Court granted Gulf Life's motion for leave to bring cross-claims against Phillips and Eslinger, and a third–party complaint against Continental. On 8 January 1980 the Court granted leave for Phillips and Eslinger to bring third–party complaints against Continental. Gulf Life's cross–claims against Phillips and Eslinger, and Gulf Life's, Phillips' and Eslinger's third–party complaint against Continental were subsequently filed.

On 31 March 1980, third–party defendant Continental filed its answers to Gulf Life's substituted amended third–party complaint, to Phillips' first amended third–party complaint and to Eslinger's third–party complaint. In addition, Continental filed counterclaims against Gulf Life, Phillips and Eslinger, and cross–claims against Boddiger, Brewer, Sanders, Willard and Chatelain. Continental's counterclaims and cross–claims seek rescission of a Continental insurance policy purportedly covering the named defendants, and restitution of the premiums paid. Continental's cross–claims against Boddiger, Sanders, Willard and Chatelain are the subject of this motion to dismiss. Upon this factual background, the Court will consider the merits of the motion.

## II

It is the movants' contention that Rule 14(a) permits a third–party defendant, such as Continental, to cross–claim only against other third–party defendants and not against codefendants, such as movants, of third–party plaintiffs. In addition, the movants contend that Rule 13(g) permits the filing of a cross–claim by a party only against a "co–party," that is to say, a party having like status, such as a codefendant or a co–third–party defendant. The movants, as codefendants of the third–party plaintiffs, assert that they are not co–parties of third–party defendant Continental within the meaning of rule 13(g). Finally, the movants submit that since they, as defendants in the original action, are not permitted to assert cross–claims against a third–party defendant, such as Continental, pursuant to Rule 13(g), the converse should be true for a third–party defendant attempting to cross–claim against defendants in the original action.

Continental submits that the counterclaims against the third–party plaintiffs (Gulf Life, Eslinger and Phillips) and the cross–claims against the movants seek identical and unitary relief of recission of the alleged Continental policy, under which all original defendants claim purported coverage, and restitution of the premiums. Thus, Continental contends that it is in the interest of judicial economy that all parties claiming coverage under the Continental policy should be before the Court so that the existence or nonexistence of the alleged policy can be finally adjudicated with respect to all affected parties. The countervailing considerations of judicial economy alone, Continental contends, justify denial of the motion to dismiss. Furthermore, Continental cites authority intimating that a third–party defendant may file cross–claims against codefendants of the third–party plaintiffs, pursuant to Rule 14. See Wright & Miller, Federal Practice and Procedure § 1456, (1971).

After reading the authorities cited by the parties, the Court recognizes that there is substance to the movants' contentions. Yet the Court is not unmindful of Fed.R.Civ.P. 1, which provides that the Federal Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action." With this rule as its guide, the Court is of the opinion that the motion to dismiss should be denied unless the Rules specifically prohibit the filing of cross–claims by a third–party defendant against co–defendants· of the third–party plaintiffs or unless permitting such cross–claims would prejudice the movants.

With respect to cross–claims by a third–party defendant pursuant to Rule 14(a), the rule provides in pertinent part that:

the third–party defendant, shall make his defenses to the third–party plaintiff's claim as provided in Rule 12, and his counterclaims against the third–party plaintiff and *cross–claims against other third–party defendants as provided in Rule 13.* (emphasis added).

Rule 14(a) does not specifically permit or prohibit the filing of cross–claims by a third–party defendant against co–defendants of the third–party plaintiffs. An examination of the history of Rule 14(a) does not indicate a clear intention to prohibit such cross–claims. *See* Moore's Federal Practice ¶ 14.01[3] (2d ed. 1979). Barring some prejudice to the movants, the Court is thus not specifically prohibited by Rule from permitting the filing of Continental's cross–claims against the movants.

Rule 13(g) which controls the filing of cross–claims, provides in pertinent part that "[a] pleading may state as a cross–claim any claim by one party against a *co–party* . . . ." (Emphasis added). The Court is aware of authority to the effect that an original defendant and a third–party defendant are not "co–parties" within the meaning of Rule 13(g). *See Murray v. Haverford Hospital Corporation,* 278 F.Supp. 5, 6 (E.D.Pa. 1968). *Accord, Schwab v. Erie Lackawanna Rr.,* 438 F.2d 62, 65–66 (3d Cir. 1971); *Paur v. Crookston Marine, Inc.,* 83 F.R.D. 466, 471–72 (D.N.D.1979); *Malaspina v. Farah Mfg. Co., Inc.,* 21 Fed.R.Serv.2d 129 (S.D.N.Y.1975). *Contra, Fogel v. United Gas Improvement Co.,* 32 F.R.D. 202, 204 (E.D.Pa.1963).

In addition, the Court is aware of decisional law prohibiting a co–defendant of third–party plaintiff from filing a cross–claim against a third–party defendant, and requiring a co–defendant to file a third–party complaint against a third–party defendant. *See Murray v. Haverford Hospital Corp., supra,* at 6; *Schwab v. Erie Lackawanna Rr. supra,* at 65–66; *Paur v. Crookston Marine, Inc., supra,* at 471–72; *Malaspina v. Farah Mfg. Co., supra,* at 129–130.

There is some logic to applying the second rule in the converse situation, that is to say, where a third–party defendant files a cross–claim against co–defendants of the third–party plaintiffs. Of course, Continental would not be able to file a third–party complaint against the movants, since the movants are already parties to the action, and since Continental's claims against the movants are not for indemnification of contribution.[3] Rather, Continental would have to file separate complaints against the movants.

The Court would follow the cases cited above if permitting the cross–claims would prejudice the movants. Permitting a cross–claim rather than requiring the filing of an original complaint might affect the movants with respect to the jurisdiction of the Court and with respect to service of process. A requirement for filing a complaint in federal court is independent federal jurisdiction. This is not a requirement for the filing of a cross–claim, since it arises out of the same transaction and, therefore, is ancillary to the main cause of action. *See* 1 Moore's Federal Practice ¶ 0.90 [3] (2d ed. 1979). Also, the filing of a complaint requires that the plaintiff obtain service of process over the defendants pursuant to Fed.R.Civ.P. 4 while the filing of a cross–claim requires no additional service of process. Had the movants alleged that there was a lack of complete diversity between them and Continental, or that Continental could not have obtained service of process over the movants, the movants clearly would have been prejudiced by allowing the cross–claims to stand. Under such circumstances, the Court would not have hesitated to grant the motion to dismiss. However, the movants have made no such allegations of prejudice, and the Court is confident none exists.

The Court is also unable to see any benefit to be gained by dismissing the cross–claims and requiring Continental to file original complaints against the movants.

---

3. Rule 14(a) requires that a third–party complaint be served upon ". . . a person not a party to the action who is or may be liable to [the defendant] for all or part of the plaintiff's claim against him." *See generally,* Wright, Law of Federal Courts, § 76 (3d Ed. 1976).

Continental would, in all probability, move to have the action consolidated with the original action herein, pursuant to Fed.R. Civ.P. 42(a). If the motion were granted, the parties and the claims would be returned to essentially the same posture, but for a change in the labels attached to the various parties and claims. Such a procedural readjustment and relabeling of the parties and claims would not serve the purpose of "secur[ing] the just, speedy and inexpensive determination of [this] action." Fed.R.Civ.P. 1.

### III

There being no prejudice to the movants by allowing the cross–claims to stand and no benefit to be gained by dismissing them, the Court does not feel compelled to follow the lead of the cases cited by the movants under the circumstances of this case.

Moreover, it appears to the Court that permitting Continental to file its cross–claims against the movants is an efficient, rational and logical procedure which is not specifically prohibited by the Federal Rules of Civil Procedure. Accordingly, the motion to dismiss is DENIED.

And it is so ORDERED.