**GEORGIA PORTS AUTHORITY, Plaintiff,**

v.

**CONSTRUZIONI MECCANICHE INDUSTRIALI GENOVESI, S.P.A. and American Home Assurance Company, Defendants,**

v.

**FALCON STEEL COMPANY, Third–Party Defendant.**

Nos. CV486–133, CV487–273.

United States District Court, S.D. Georgia, Savannah Division.

April 19, 1988.

George Chamlee, Sp. Asst. Atty. Gen., Savannah, Ga., for plaintiff.

Laurie B. Gilbert, George Reid, Phillips, Hinchey & Reid, Atlanta, Ga., for American Home Assur. Co.

Thomas P. Preston, Philadelphia, Pa., J. Stephen Lewis, Savannah, Ga., and William Manning, Dwayne, Morris & Heckscher, Wilmington, Del., for Falcon Steel Co.

Robert S. Glenn, Jr., Therese F. Pindar, Savannah, Ga., for Construzioni Meccaniche Industriali Genovesi, S.P.A.

### ORDER

EDENFIELD, District Judge.

This action was brought by plaintiff Georgia Ports Authority (GPA) for breach of a contract to supply and erect two dockside container handling cranes. The defendants are Construzioni Meccaniche Industriali Genovesi, S.P.A. (CMI), the contractor, and American Home Assurance

Company (American Home), the surety. American Home filed a third-party complaint against Falcon Steel Company (Falcon), a subcontractor responsible for erection. Subsequently, CMI filed a crossclaim against Falcon. Falcon now argues that CMI's crossclaim against it should be dismissed[1] because CMI and Falcon are not "co-parties," as required, under Fed.R. Civ.P. 13(g), for the bringing of crossclaims.

*Analysis*

Rule 13(g) provides for the filing of crossclaims against "co-parties." An authoritative definition of a "co-party" is nowhere to be found.

■ Most courts have accepted the definition set forth in *Murray v. Haverford Hospital Corp.*, 278 F.Supp. 5, 6 (E.D.Pa. 1968), where co-parties were defined as "parties having like status, such as, co-defendants." *See Hansen v. Shearson/American Express*, 116 F.R.D. 246, 248 (E.D.Pa.1987); *Paur v. Crookston Marine, Inc.*, 83 F.R.D. 466 (D.N.D.1979); *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62, 66 (3d Cir.1971). *See also* Wright & Miller, Federal Practice and Procedure § 1431 at 165 (1971). Under this authority, an original defendant may not assert a crossclaim against a third-party defendant.

Cases holding that a crossclaim may not be asserted by an original defendant against a third-party defendant assume that the claim could alternatively be asserted as a third-party complaint under Fed.R. Civ.P. 14(a). *See Murray, supra,* 278 F.Supp. at 7. However, a claim under rule 14(a) may only be asserted against "a person not a party to the action." *See* Wright & Miller, Federal Practice and Procedure § 1446 at 255 (1971). Thus, accepting Falcon's argument, CMI's only alternative is to file an independent action against Falcon. Falcon's construction of "co-party" would result in a Catch–22 situation. Because Falcon is already a party, CMI cannot assert a third-party complaint under

1. It does not appear that Falcon has raised this argument by motion, either to dismiss or for

other relief. Nevertheless, the Court addresses the argument on the merits.

Rule 14(a); because Falcon and CMI are not co-parties, a cross-claim cannot be asserted either. Co-defendants are forced to race to be the first defendant to implead a particular third-party defendant.

The Court cannot accept that such a result was intended by the Federal Rules. The Rules are to "be construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. To construe Rule 13(g) as not encompassing claims asserted by original defendants against third party defendants would force additional, independent actions to be filed. Joinder would then be proper. This only accomplishes the creation of an extra file. Here, where trial is only a few weeks away, delay and duplication of expense could also be accomplished. In other words, Falcon's construction of Rule 13(g) would not "secure the just, speedy, and inexpensive determination of every action." It would do just the opposite.

■ Accordingly, the Court construes "co-party" to mean *any party that is not an opposing party.* This comports with the structure of the federal rules, which envision three types of claims that may be asserted by defendants: counterclaims, third-party claims, and cross-claims. Rule 13(a) provides that a *counterclaim* may be brought against any *"opposing party."* Rule 14(a) provides that a *third-party complaint* may be brought against *"a person not a party."* Finally, Rule 13(g) provides for *cross-claims* against *"co-parties."* Certainly, the relationship between an original defendant and a third-party defendant fits somewhere into this framework. Characterizing the relationship as that of "co-parties" appears to be the logical choice.

■ The Court follows the decisions in *Fogel v. United Gas Improvement Co.,* 32 F.R.D. 202 (S.D.Pa.1963) and *American General v. Equitable General,* 87 F.R.D. 736 (E.D.Va.1980), and holds that a cross-claim may be asserted by an original defendant against a third-party defendant. *See also Stahl v. Ohio River Co.,* 424 F.2d 52, 55 (3d Cir.1970) ("co-parties" defined as "parties on the same side of the main litigation"); *Home Insurance Co. v. Ballenger Corp.,* 74 F.R.D. 93 (N.D.Ga.1977) (cross-claim may be asserted by defendant against party brought in by plaintiff as third-party defendant to defendant's counterclaim).

In some of the cases holding that an original defendant may not assert a cross-claim against a third-party defendant, it has been suggested that such parties are not "co-parties" because they are adverse. *See Hansen, supra,* 116 F.R.D. at 248; *Schwab, supra,* 438 F.2d at 66. This concern is absurd: anytime a cross-claim is filed, the parties are necessarily adverse (one of the parties is suing the other!). The very fact that cross-claims are allowed contemplates the presence of adversity between cross-claim plaintiffs and cross-claim defendants, and therefore, between "co-parties."

*Conclusion*

For the foregoing reasons, CMI may proceed with its crossclaim against Falcon.[2]

---

**2.** An alternative approach, adopted by some courts, would be to sever GPA's claims against CMI and American Home, pursuant to Rule 21. This would allow CMI to implead Falcon under Rule 14(a) because Falcon would not be a party to the severed action. Then the two actions could be consolidated under Rule 42. *See* Wright & Miller, Federal Practice and Procedure § 1446 at 256 (1971). This approach appears inconsistent with Rule 1's mandate that the rules be construed to secure the "just, speedy and inexpensive determination of every action."

As another alternative, the Court notes that, even if Falcon's construction of Rule 13(g) is correct, any technical objection to CMI's crossclaim would appear to have been waived by delay in pressing it.