**Elizabeth LUYSTER, as Executor and Administrator of the Estates of Alfred W. Zadow and Donna M. Zadow, deceased, Plaintiff,**

v.

**TEXTRON, INC.; AVCO Corporation (Textron Lycoming Division); Lycoming Engines, Superior Air Parts, Inc., KS Bearings, Inc., Defendants.**

**KS Gleitlager USA, Inc., Third-Party Plaintiff,**

v.

**The United States of America, Third-Party Defendant.**

**Superior Air Parts, Inc., Cross-Claimant,**

v.

**The United States of America, Cross-Defendant.**

**No. 06 CV 4166(LMM).**

United States District Court, S.D. New York.

Feb. 8, 2010.

Frederick Paul Alimonti, Alimonti Law Offices, White Plains, NY, for A&P Aircraft Maintenance, Inc.

Oliver K. Beiersdorf, Reed Smith (NYC), New York, NY, for KS Bearings, Inc., AVCO Corp., Lycoming Engines, Textron Inc.

David Scott Osterman, Robert Varga, Goldberg Segalla LLP, Princeton, NJ, for AVCO Corp., Lycoming Engines, Textron Inc.

Andrew Mark Eschen, U.S. Dept. of Justice—TORTS(DC), Aviation & Admirality Div., Washington, DC, for U.S.

David J. Bloomberg, Bryan Cave LLP (NY), New York, NY, for Teledyne Mattituck Services, Inc.

Patrick E. Bradley, Reed Smith, LLP, Princeton, NJ, for KS Bearings, Inc.

Frank J. Ciano, Goldberg Segalla, LLP, White Plains, NY, for AVCO Corp., U.S.

Justin Timothy Green, Kreindler & Kreindler, New York, NY, Marc S. Moller, Kreindler & Kreindler, New York, NY, Richard D. Winkler, Winkler, Kurtz & Winkler, LLP, Port Jefferson Station, NY, for Elizabeth Luyster.

Michael H. Hull, Maloney, Bean, Horn & Hull, PC, Irving, TX, Eugene Frank Massamillo, Kaplan, Massamillo & Andrews, LLC, New York, NY, Nicholas Evan Pantelopoulos, Kaplan, Massamillo & Andrews, LLC, New York, NY, for Superior Air Parts, Inc.

John Maggio, Condon and Forsyth LLP, New York, NY, for Robert H. Schellberg, Ronald Uschok, Scott Simpson.

Fred Gary Wexler, Brown Gavalas & Fromm, LLP, New York, NY, for Gace Flying Club, Inc.

*MEMORANDUM AND ORDER*

McKENNA, District Judge.

Currently before the Court is a motion by third party defendant and cross-defendant the United States of America (the "Govern-

ment") to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), the purported cross-claim brought by defendant and cross-claimant Superior Air Parts, Inc. ("Superior") against the Government.[1] For the reasons set forth below, the Government's motion is DENIED.

## FACTUAL BACKGROUND

The following are certain allegations set forth by Elizabeth Luyster, as executor and administrator of the estates of Alfred W. Zadow and Donna M. Zadow ("Plaintiff") in the amended complaint (the "Complaint").[2] On May 24, 2005, Alfred Zadow ("Zadow") was piloting a Cessna R18 aircraft with registration number N756PN and reported engine trouble. (Compl. ¶ 2.) The aircraft crashed, resulting in the deaths of Alfred Zadow and Donna Zadow, his wife and passenger. (*Id.*) Plaintiff is suing certain entities that, *inter alia*, played a role in the "design, manufacture, assembly, inspection, testing, distribution, sale, servicing, maintenance, overhaul and/or repair of the subject engine and its component parts." (*Id.* ¶ 7.) Plaintiff states that Superior, which is one of the defendants, "is engaged in the business of distributing [Federal Aviation Administration ("FAA")] approved replacement and component parts for Lycoming aircraft engines, including, but not limited to, connecting rod bearings, as installed in the subject engine." (*Id.*) Plaintiff's claims are based on theories of negligence, strict liability and breach of warranty; Plaintiff also seeks punitive damages. (*Id.* ¶¶ 6–23.)

For purposes of the present motion, the following facts alleged by Superior in its cross-claim are taken to be true. Prior to the subject crash, Zadow was receiving air traffic control services from air traffic con-

trollers employed by the FAA, an agency of the Government. (Cross-cl. ¶ 3.) Zadow reported to an air traffic controller that the plane was having engine trouble and needed to land. (*Id.* ¶ 4.) Zadow asked for the location of the closest airport, at which time the aircraft was approximately two miles from Candlelight Farms Airport and over ten miles from Danbury Airport. (*Id.* ¶¶ 4–5.) The air traffic controller "informed [Zadow] that the nearest airport was Danbury and provided instructions to fly toward Danbury, including instructions to descend." (*Id.* ¶ 6.) Zadow followed these instructions, yet the plane crashed approximately four miles north of the Danbury Airport when Zadow attempted to land in a sports field. (*Id.*)

## PROCEDURAL BACKGROUND

In the underlying action, Plaintiff filed a complaint on June 1, 2006 against the following defendants: Textron Inc., AVCO Corporation (Textron Lycoming Division), and Lycoming Engines. On April 18, 2007, Plaintiff filed an amended complaint that added two defendants: Superior and KS Bearings, Inc. (now known as KS Gleitlager USA, Inc., hereinafter "KS Gleitlager"). Several third party complaints and cross-claims were subsequently filed by various parties.

On October 15, 2008, defendant KS Gleitlager filed a third party complaint against the Government with the permission of the Court. On December 11, 2008, the Government filed its answer.

On December 18, 2008, defendant Superior filed a cross-claim against the Government, alleging that the Government, "through its employee acting within the scope of his employment, was negligent in providing air traffic control services to [Zadow]." (Cross-cl.

1. As discussed herein, the Government argues that Superior's claim is not a proper cross-claim. However, because the Court ultimately concludes that it is a proper cross-claim, the parties and documents are designated accordingly.

2. Many of Plaintiff's allegations are in dispute. Because the Court is considering the Government's Rule 12(b)(6) motion to dismiss Superior's cross-claim, the Court takes the allegations in Superior's pleading as true for purposes of this motion. *See* Charles Alan Wright et al., Federal Practice & Procedure § 1407, at 38 (2d

ed. 1990) ("Challenges to the sufficiency of a . . . cross-claim under Rule 12 . . . are subject to the same rules as when they are directed toward an original complaint. The allegations in the pleading being attacked are taken as true and the motion will be denied if there is any possible theory upon which relief ultimately might be granted." (footnotes omitted)). Certain allegations in the Complaint are summarized here solely to give context to Superior's cross-claim and the Government's motion to dismiss.

¶ 8.) Superior claims that "[i]f Superior is held liable for damages to plaintiff ... such liability will have been caused or contributed to by the negligence of Third Party Defendant the United States" (*id.*); and "[t]herefore, Superior is entitled to contribution and/or indemnification from the United States for any amounts plaintiff may recover against Superior in this action" (*id.* ¶¶ 8, 10). On August 4, 2009, the Government filed the present motion to dismiss with leave of the Court.

## DISCUSSION

The Government seeks dismissal of Superior's purported cross-claim because, according to the Government, "it is not a cross-claim, it is untimely, and for insufficiency of service." (Mot. at 5 (citing Fed.R.Civ.P. 4(i), which provides rules for serving the United States and its agencies, corporations, officers, or employees)). The Government contends that Superior's cross-claim "is more properly in the nature of a third-party complaint," and "[a] challenge to the propriety of this claim may be tested through a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)." (*Id.* at 3 (citing *Asher v. Unarco Material Handling, Inc.*, 2008 WL 130858, at *5 (E.D.Ky. Jan.10, 2008).))

## I.  Rule 12(b)(6) Motion to Dismiss

On a motion for dismissal under Rule 12(b)(6), a court must accept all non-conclusory factual allegations as true; the claimant "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (footnote omitted)).

The Government asks this Court to find that the Government and Superior are not coparties, conclude that Superior's filing is not a proper cross-claim, and therefore dismiss the claim. (Mot. at 7.) The Government contends that "[i]f Superior's claim were at all cognizable, it must be pursued through a third-party complaint and not a cross-claim." (*Id.* at 8.)

## II.  Rule 13(g) Cross–Claims

Rule 13(g) provides that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed.R.Civ.P. 13(g). The Government has not disputed that Superior's cross-claim arises out of the same occurrence that is the subject matter of Plaintiff's original action. Rather, Superior's cross-claim is contingent upon Plaintiff obtaining a judgment against Superior. This comports with Rule 13(g), which provides that a cross-claim "may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed.R.Civ.P. 13(g).

Although Rule 13(g) permits a cross-claim "by one party against a coparty," *id.*, the Government asks this Court to conclude that it and Superior are not coparties (Mot. at 7). Superior and the Government were on the same side of the litigation (*i.e.*, not opposing parties) when Superior filed its cross-claim, but they were at different levels. Superior is an original defendant to the action (*i.e.*, a defendant sued by plaintiff), whereas the Government became a third party defendant when KS Gleitlager filed a third party complaint against it on October 15, 2008 (to which the Government filed its answer on December 11, 2008). The primary issue before the Court is whether Superior and the Government are coparties for purposes of Rule 13(g); if not, then Superior's claim is not a proper cross-claim.

### A.  Definition of "Coparty"

Although Rule 13(g) allows cross-claims between coparties, the term "coparty" is not defined in the Rules. It seems clear that a coparty against whom a party can cross-claim is neither a non-party nor a party it formally opposes (*i.e.*, a party on the opposite side of the action). 6 Wright, Miller & Kane, Federal Practice & Procedure § 1431, at 233–35.

In multiparty actions, courts have disagreed regarding whether parties on the same side, but not at the same level, of an action are "coparties" that may cross-claim against each other. *Id.* § 1431, at 237–38, Supp.2009 at 44; *see also* John D. Bessler, Note, Defining "Co–Party" Within Federal Rule of Civil Procedure 13(g): Are Cross–Claims Between Original Defendants and Third–Party Defendants Allowable?, 66 Ind. L.J. 549 (discussing cases and proposing clarifying amendments to the Rules); Arthur F. Greenbaum, Jacks or Better to Open: Procedural Limitations on Co–Party and Third–Party Claims, 74 Minn. L.Rev. 507 (Feb.1990) (same). Faced with this question, courts generally appear to split between two constructions of the term "coparty."

Some courts have suggested that because a "coparty" must be a party of "like status," Rule 13(g) only allows cross-claims between parties both on the same side and at the same level of an action (hereinafter, the "Narrow Definition"). To illustrate, the Narrow Definition allows for a cross-claim between original defendants or between third party defendants, but does not allow a cross-claim by an original defendant against a third-party defendant or vice versa. *See, e.g., Int'l Paving Sys. v. Van–Tulco, Inc.,* 866 F.Supp. 682, 695 (E.D.N.Y.1994) (disallowing a cross-claim by an original defendant against a fourth-party defendant); *Murray v. Haverford Hosp. Corp.,* 278 F.Supp. at 5, 6–7 (E.D.Pa.1968) (dismissing cross-claims of defendants against a third party defendant).

Other courts have construed the term "coparty" more broadly to encompass any party that is not an opposing party (hereinafter, the "Broad Definition"). *See, e.g., Mauney v. Imperial Delivery Servs., Inc.,* 865 F.Supp. 142, 153–54 (S.D.N.Y.1994) (adopting the Broad Definition via a *nunc pro tunc* order); *Earle M. Jorgenson Co. v. T.I. U.S., Ltd.,* 133 F.R.D. 472, 475 & n. 10 (E.D.Pa.1991) (allowing a cross-claim by an original defendant against a third party defendant); *Georgia Ports Auth. v. Construzioni Meccaniche Industriali Genovesi, S.P.A.,* 119 F.R.D. 693, 695 (S.D.Ga.1988); *see also* 6 Wright, Miller & Kane, Federal Practice & Procedure § 1404, at 18–28 (discussing which parties

are "opposing parties" for purposes of Rule 13).

Under the Broad Definition, the presence of adverse interests between two parties would not, in itself, make them opposing parties rather than coparties, however. *See Georgia Ports Auth.,* 119 F.R.D. at 695 (noting that "[t]he very fact that cross-claims are allowed contemplates the presence of adversity between cross-claim plaintiffs and cross-claim defendants, and therefore, between 'coparties.'"); *accord U.S. v. All Right, Title and Interest in Contents of Following Accounts at Morgan Guar. Trust Co. of N.Y.,* 1996 WL 695671 at *9 (S.D.N.Y. Dec.5, 1996). *But cf. Capital Care Corp. v. Lifetime Corp.,* 1990 WL 2165, *2 (E.D.Pa. Jan.11, 1990) (finding Third Circuit law unsettled on the issue and allowing cross-claims by third party defendants against original defendants because they were sufficiently non-adverse to qualify as coparties).

Rather, opposing parties who cannot cross-claim against each other "are parties that formally oppose each on a pleaded claim," and, "[a]ccordingly, once a cross-claim has been pleaded, the cross-claimant becomes an opposing party." *Earle M. Jorgenson Co.,* 133 F.R.D. at 475 & n. 10 (citing Greenbaum, Jacks or Better to Open, 74 Minn. L.Rev. at 551–52); *see also* 6 Wright et al., Federal Practice & Procedure § 1404, at 3 (Supp. 2009) (recognizing that "a coparty can become an opposing party after the filing of an initial cross-claim under Rule 13(g)").

The Broad Definition allows for a cross-claim by an original defendant, such as Superior, against a third party defendant, such as the Government; the Narrow Definition does not. The Government asks this Court to adopt the Narrow Definition, suggesting that it is the "prevailing construction" of Rule 13(g). (Mot. at 7.) Superior disputes this label, citing an opinion by the Fifth Circuit Court of Appeals, *Thomas v. Barton Lodge II, Ltd.,* 174 F.3d 636 (5th Cir.1999), and several district court opinions. (Resp. at 3–4.) The parties have not identified any authority binding on this Court adopting either construction, nor has the Court's research revealed any. Therefore, the Court shall consider the arguments supporting each view

in order to determine whether Superior's claim against the Government is a proper cross-claim.

## B. The Intended Scope of Rule 13(g) Cross–Claims

The Supreme Court has indicated that "in ascertaining [the Rules'] meaning the construction given to them by the [Advisory] Committee is of weight." *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444, 66 S.Ct. 242, 90 L.Ed. 185, (1946). Certain courts and commentators have suggested that the intent of the framers of the Rules demonstrates the meaning of the term "coparty" and the intended scope of Rule 13(g).

For example, one district court stated that it "believe[d] that Rule 13(g) was intended to regulate cross-claims between 'co-parties' and contemplated that such cross-claims should be asserted against parties having like status, such as, co-defendants." *Murray*, 278 F.Supp. at 6; *see also Int'l Paving Sys.*, 866 F.Supp. at 695 (stating that "[t]his interpretation of the term "co-party" has been regarded as 'the rule that best reflects the original intent' of Rule 13" (quoting 6 Wright et al., Federal Practice and Procedure § 1431 at 238)).

The *Murray* court found that certain language in Rule 14(a) "*amply indicates the clear intent of the framers* of the Federal Rules to characterize co-parties as parties having like status." 278 F.Supp. at 6–7 (emphasis added);[3] *see also Asher*, 2008 WL 130858 at *4 (agreeing with *Murray* that "based on a plain reading of the Federal Rules, it does not appear that a crossclaim between a third-party defendant and an original defendant is permissible unless the plaintiff has also brought a claim against the third-party defendant under Rule 14(a)(3)"). However, there was very little in Rule 14(a) to support this conclusion.[4] The language quoted by *Murray* only mentions the follow-

ing regarding cross-claims: "the 'third-party defendant' shall make his . . . cross-claims against other third-party defendants as provided in Rule 13." *Id.* at 6. However, a statement in Rule 14(a) that such cross-claims shall be made "as provided in Rule 13," does not clearly indicate that these are the *only* cross-claims that Rule 13(g) allows a third-party defendant to make.

*Murray* further suggests:

Were the intent otherwise confusion would result, as in [that] case, with some defendants serving third-party complaints under Rule 14, *after obtaining leave of* court, and other defendants simply filing cross-claims purportedly under Rule 13(g), which does not require summons and complaint or, under any circumstances, leave of court to serve notice to the plaintiff upon motion and notice to all parties to the action.

*Id.* at 7. Contrary to this contention, the Broad Definition provides a bright line rule—which results in clarity rather than confusion—whether a party's claim is against a non-party or a party determines how it should proceed. The first defending party to file a claim against a non-party would serve a summons and complaint pursuant to Rule 14(a); then the non-party becomes a party (*e.g.*, as a third or fourth party defendant) and no further summons or complaint would need to be served upon it. Ignoring the new party's change in status, *Murray* treats it as though it were still a non-party. This does not fit with Rule 14(a), which discusses serving a summons and complaint only upon a non-party; it says nothing about serving a summons and complaint against a party. Fed.R.Civ.P. 14(a)(1), (a)(5).

A later court found that the amendment history of Rule 14(a) suggests that the Narrow Definition was intended. *Hansen v. Shearson/Am. Express, Inc.*, 116 F.R.D. 246, 249 (E.D.Pa.1987). The 1946 amendment

---

**3.** The *Murray* court stated: "Third-party practice is specifically provided for in F.R.C.P. 14, which provides, *inter alia,* that the third-party defendant 'shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13.' *The language quoted amply indicates the clear intent of the*

framers of the Federal Rules to characterize co-parties as parties having like status." 278 F.Supp. at 6–7 (emphasis added).

**4.** Fed.R.Civ.P. 14(a) has been amended since *Murray* was decided, but the current Rule does not clarify the present issue.

added the reference in Rule 14(a) to cross-claims by third party defendants "against other third party defendants" discussed above.[5] The *Hansen* court discussed the revisions and related Advisory Committee notes and stated: "It would thus appear that, in the view of the Advisory Committee, the specification that the "other part[ies]" against whom a third-party defendant might bring cross-claims were 'other third-party defendants' was not viewed as a substantive change in Rule 14(a)." *Id.*

Characterizing the revision as a "specification that the 'other part[ies]' against whom a third—party defendant might bring cross—claims were 'other third-party defendants'" is questionable, however. The reference to a "coparty" in Rule 13(g) did not change, nor was the term defined—or even mentioned—in Rule 14(a) either before or after the 1946 amendment. Also, it is an oversimplification to view the revision as though it changed "the third party defendant may make cross-claims against any other party" to "the third party defendant may make cross-claims against other third party defendants." Rather, a general statement that the third party defendant "shall make his ... counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13" was revised, *see supra* note 5, for clarification purposes.[6]

Notably, prior to the revision, the phrase "the plaintiff, the third-party plaintiff, or any other party" could be construed to refer both to counterclaims and cross-claims. The revised language distinguishes between counterclaims against the third party plaintiff and cross-claims, and counterclaims against the plaintiff are instead referenced separately. *Id.* As an alternative to the *Hansen* court's interpretation, the revision can be viewed as a clarification that a cross-claim *cannot* be brought against the third party plaintiff or the plaintiff (which are on the opposite side of the action from the third party defendant and thus cannot be coparties to it).

A broader look at the amendment and accompanying Advisory Committee notes also appears to undermine the contention that the Narrow Definition was intended. First, a second reference to Rule 13(g) cross-claims by third party defendants also was added to Rule 14(a) via the same amendment that makes no reference to any particular parties against whom such cross-claims would be made.[7] Second, in the same notes to the 1946 amendment, the Advisory Committee describes the addition of a right by the third party defendant to assert a claim directly against the original plaintiff and states "This permits all claims arising out of the same transaction or occurrence to be heard and determined in the same action." Fed.R.Civ.P. 14 advisory committee notes, 1946 Amendment. This stated purpose cuts against the approach taken by some courts—construing Rule 14(a) to limit the scope of Rule 13(g) such that certain claims arising *from the same set of facts cannot be resolved* as part of the same action. *See, e.g., Asher,* 2008 WL 130858 at *5 (dismissing a purported cross-claim by an original defendant against a third party defendant "without prejudice to being re-filed in a separate ac-

---

5. Rule 14(a) was revised, *inter alia*, as follows (new matter is underlined; matter stricken out is in brackets): the third-party defendant "shall make his defenses <u>to the third-party plaintiff's claim</u> as provided in Rule 12 and his counterclaims <u>against the third-party plaintiff</u> and cross-claims against [the plaintiff, the third-party plaintiff, or any other party] <u>other third-party defendants</u> as provided in Rule 13." 3 Moore et al., Moore's Federal Practice § 14App. 02 (3d. ed.2009).

6. The Advisory Committee explained that "[t]he elimination of the words 'the third-party plaintiff, or any other party' from the second sentence of rule 14(a), together with the insertion of the new phrases therein, are not changes of substance but are merely for the purpose of clarification."

Fed.R.Civ.P. 14 advisory committee notes, 1946 Amendment.

7. This revision was as follows (new matter is underlined; matter stricken out is in brackets): The plaintiff may [amend his pleadings to] assert <u>any claim</u> against the third-party defendant [any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant] <u>arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13.</u> 3 Moore et al., Moore's Federal Practice § 14App. 02.

tion for indemnity"); *Murray*, 278 F.Supp. at 7 (same).

Notably, after arguing in favor of the Narrow Definition (and concluding that the claim before it was not a proper cross-claim for that and other reasons), the *Hansen* court found that the Rules provided no other procedural device to permit the claim, suggesting that this "appears to be oversight in the Rules." 116 F.R.D. at 250–51. Acknowledging Rule 13(h) pertains by its terms only to the joinder of nonparties whereas the claim before it was against a party, *Hansen* nevertheless construed Rule 13(h) to allow the claim in light of the purposes of the Rules.[8] The Broad Definition seems to be a more sensible way to construe the Rules—whereas the term "coparty" is arguably ambiguous, interpreting provisions applicable to non-parties as though they applied to parties disregards the text and purpose of the Rules.[9]

Other courts and commentators have criticized as lacking support the contention that the framers intended the Narrow Definition to apply. *See, e.g., Am. Gen. v. Equitable Gen.*, 87 F.R.D. 736, 738 (E.D.Va.1980) ("An examination of the history of Rule 14(a) does not indicate a clear intention to prohibit such cross-claims." (citing Moore et al., Moore's Federal Practice ¶ 14.01(3) (2d ed.1979))); Bessler, Note, 66 Ind. L.J. 566–69 (criticizing the analyses in *Murray* and *Hansen,* and suggesting the alternative possibility that the framers "recognized that Rule 13(g)'s use of the term 'co-party' already embraced the original defendant/third-party defendant relationship and that therefore any language authorizing such claims in Rule 14(a) was unnecessary").

Facing the question whether third party defendants may cross-claim against an origi-nal defendant (the reverse of the case before this Court), a panel of the Fifth Circuit rejected the Narrow Definition. *Thomas,* 174 F.3d at 652. The *Thomas* court "agree[d] that a reading of rules 14(a) and 13(g) can lead to the conclusion that third party defendants are barred from filing cross-claims against original defendants," yet found "this reading to be a strained one and the result nonsensical." *Id.* The *Thomas* court explained:

> Under rule 14(a), third party defendants can join additional parties to the lawsuit to resolve claims related to the claim made against them. It therefore seems strange to conclude that they cannot bring those claims against parties already involved in the suit. *The practical effect of adhering to the defendant's reasoning would be to hold that when a third party defendant wishes to allege a claim against an original defendant, he must file a separate complaint against the original defendant and then move for joinder of the two actions. We will not require third party defendants to jump through these additional hoops.* We hold that, under Rule 14(a), a third party defendant may file a cross-claim against an original defendant even if it would be inappropriate to characterize the third party defendant as a co-defendant of the original defendant.

*Id.* (emphasis added).

Overall, this Court is not persuaded that a plain reading of the Rules suggests that the Narrow Definition applies or that there is any compelling indication that the framers of the Rules intended such. Perhaps, as at least one court has noted, "in the formulation of the Rules, the subject of cross-claims may not have received sufficient consideration."

---

**8.** "Rule 1 … states that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action," and the "purpose of Rule 13(h) … 'is to dispose of an action in its entirety and to grant complete relief to all the concerned parties.' " " *Hansen,* 116 F.R.D. at 250 (quoting 6 Wright, Miller & Kane, Federal Practice and Procedure § 1434, at 188).

**9.** *See* 6 Charles Alan Wright et al., Federal Practice & Procedure § 1431 (cautioning that "care must be taken not to confuse the procedures and purposes of Rule 13(g), which are directed to-ward parties already in the action, with those of Rule 14(a), which provide for adding one or more third parties to the suit"). *See generally id.* at §§ 1431, 1434–35, 1446 (discussing the distinctions between (and erroneous applications of) the purposes and provisions of Rule 14(a) impleader and Rule 13(h) joinder, which both apply to claims against one who is not a party, and Rule 13's counterclaim and cross-claim provisions, which apply to claims against one who already is a party).

*Earle M. Jorgenson Co.*, 133 F.R.D. at 473 (citing Greenbaum, Jacks or Better to Open, 74 Minn. L.Rev. at 507).

### C. Cross–Claims in the Framework of the Rules

The Broad Definition appears to be the most sensible reading of the term "coparty" in the context of the Rules. As one court noted, such construction "comports with the structure of the federal rules, which envision three types of claims that may be asserted by defendants": Rule 13(a) counterclaims against opposing parties, Rule 14(a) third-party claims against non-parties, and Rule 13(g) cross-claims against coparties. *Georgia Ports Auth.*, 119 F.R.D. at 695. Adopting the Broad Definition, the *Georgia Ports Authority* court stated: "Certainly, the relationship between an original defendant and a third-party defendant fits somewhere into this framework. Characterizing the relationship as that of 'co-parties' appears to be the logical choice." *Id.; accord* Greenbaum, Jacks or Better to Open, 74 Minn. L.Rev. at 517–18 (explaining that "Rule 13 splits the world into two groups, opposing parties and co-parties," such that "[o]pposing parties are subject to the counterclaim rules" and "co-parties are subject to the cross-claim rule").

On the other hand, the Narrow Definition creates a gap in the Rules. If a defending party cannot file a cross-claim against another party on the same side, but not at the same level, of an action, then the Rules are silent regarding how such a claim might be brought. Some courts suggest that the purported cross-claimant would need to file an additional action. *E.g., Asher*, 2008 WL 130858 at *5; *Murray*, 278 F.Supp. at 7. Other courts have recognized that this result is a strong reason *not* to adopt the Narrow Definition. For example, the *Mauney* court reconsidered its prior dicta and adopted the Broad Definition upon considering the practical problems if "each of the defendants would be required to start a separate action for contribution against [the third party defendant]." 865 F.Supp. at 153–54 (citing *Earle M. Jorgenson Co.*, 133 F.R.D. 472). Additionally, the *Georgia Ports Authority* court found that under the Narrow Definition

"[c]o-defendants are forced to race to be the first defendant to implead a particular third-party defendant" because all other defendants would then be forced to file independent actions; it rejected the idea that such a result was intended by the Rules. 119 F.R.D. at 695.

Other courts have filled the gap left by the Narrow Definition by adding procedural steps to make the parties fit the Rules. Specifically, a court can sever the claims pursuant to Rule 21 (such that the party against whom the claim is to be brought becomes a non-party to the severed claim); the claimant then impleads the non-party pursuant to Rule 14(a), and finally the two actions are reconsolidated. 6 Wright, Miller & Kane, Federal Practice & Procedure § 1446; *Georgia Ports Auth.*, 119 F.R.D. at 695 n. 2. This Court agrees with *Georgia Ports Authority* that "[t]his approach appears inconsistent with Rule 1's mandate that the rules be construed to secure the 'just, speedy and inexpensive determination of every action.'" 119 F.R.D. at 695 n. 2 (quoting Fed.R.Civ.P. 1).

Some courts facing what they found to be improper cross-claims nevertheless have disregarded unnecessary procedural steps that might follow. For example, the *American General* court suggested that it would apply the Narrow Definition; however, it found no reason to dismiss the claim before it to require additional procedural steps likely to result with the parties and claims in essentially the same posture. 87 F.R.D. at 738–39. Another court declined to dismiss a cross-claim by a third party defendant against an original defendant although it found questionable whether they were coparties even under the Broad Definition. *Tech. Planning Int'l, LLC v. Moore N. Am., Inc.*, 2003 WL 172622, at *2–3 & n. 1 (D.N.H. Jan.24, 2003). The *Technology Planning* court allowed the claim because requiring a separate action and consolidation would be inefficient and add confusion, but realigned the parties to designate the third party defendant as a co-plaintiff. *Id.* at *2–3.

The Second Circuit has recognized that:

> The general purpose of [Rule 14] was 'to avoid two actions which should be tried

together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant.'

*Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583, 585 (2d Cir.1965) (quoting 3 Moore, Federal Practice § 14.04, at 501 (1964)); *Dery v. Wyer*, 265 F.2d 804, 806–07 (2d Cir. 1959) (same); *accord* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1442. Both Rules 13(g) and 14(a) avoid the delay of a subsequent judgment by allowing a defending party to bring as part of the same action a claim against one who "is or may be liable" to it for all or part of a claim asserted against it. Fed.R.Civ.P. 13(g), 14(a)(1),(5); 6 Wright et al., Federal Practice & Procedure § 1431, at 240–41. This allows a contingent claim for contribution or indemnity, such as Superior's claim against the Government, to be brought as part of the original action, rather than requiring that it be brought as a separate claim once mature.

Similar to the purposes underlying Rule 14 and other provisions of Rule 13, "the general policy behind allowing cross-claims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps." 6 Wright et al., Federal Practice & Procedure § 1431, at 229. Accordingly, "courts generally have construed [Rule 13](g) liberally in order to settle as many related claims as possible in a single action." 6 Wright et al., Federal Practice & Procedure § 1431, at 229–30. Allowing cross-claims between coparties according to the Broad Definition furthers the purpose of Rule 13(g) by providing a mechanism for claims such as the one before the Court; the Narrow Definition does not.

Finally, and perhaps most significantly, the Rules give explicit guidance regarding how they should be interpreted. Rule 1 states that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Recent revisions emphasize this further. "Effective December 1, 1993, the caption of Rule 1 became 'Scope and Purpose of Rules,' and the words 'and administered' were inserted in the second sentence." 6 Wright & Miller, Federal Practice & Procedure § 1011, at 60 (3d ed.2002). The Advisory Committee explained that the purpose of the latter revision "is to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." Fed.R.Civ.P. 1 advisory committee notes, 1993 Amendments.

Rule 13(g) expressly permits that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed.R.Civ.P. 13(g). It runs contrary to the purposes of Rules 13 and 14, and the mandate of Rule 1, to construe a lone reference in Rule 14(a) to limit the term "coparty" to the Narrow Definition, when doing so would require multiple actions arising from the same set of facts or add unnecessary procedural steps. Moreover, the reference merely states that "the 'third-party defendant' ... may assert ... any crossclaim against another third-party defendant under Rule 13(g)." Fed.R.Civ.P. 14(a). Rule 14 does not state that these are the only cross-claims that a third party defendant may bring, it does not use or define the term "coparty," and it does not state that it limits or defines the scope of Rule 13(g).

Allowing cross-claims between coparties according to the Broad Definition appears to be the best construction to further the purposes of the Rules. *Cf.* 6 Wright et al., Federal Practice & Procedure § 1442, at 296 (suggesting that "Rule 14 must be construed in conjunction with the other federal rules to give as much effect to all of them as is possible" (footnote omitted)).

The alternatives suggested by certain other courts, as described above, ignore the plain meaning of other provisions, add unnecessary procedural steps, or require duplica-

tive actions arising from the same set of facts; these approaches do not comport with the requirement that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R.Civ.P. 1. This Court sees no reason to construe the Rules to require treating the Government as though it were not a party to this action or require Superior to meet additional procedural requirements that would apply if that were so.

■ For the foregoing reasons, this Court finds that Superior and the Government are coparties for purposes of Rule 13(g) and that Superior's claim is a proper cross-claim.

### III. Timeliness of Superior's Cross–Claim

The Government contends that Superior's filing should be dismissed as untimely, highlighting this Court's prior case management and scheduling orders. (Mot. at 4–5, 8.) The Government points out that, unlike KS Gleitlager, Superior did not request leave of the Court to file its claim against the Government. (*Id.* at 4–5, 8.) When summarizing the Complaint, the Government also notes "Plaintiff never filed an administrative claim with the [FAA] under the Federal Tort Claims Act (FTCA), and the time for filing such a claim, seeking damages from the United States, is now foreclosed." (*Id.* at 3 n. 1 (citing 28 U.S.C. § 2401(b))). It is not clear whether the Government intended to suggest otherwise, but such administrative procedures do not apply to third-party complaints or cross-claims.[10]

There is no set timeframe for filing a cross-claim pursuant to Rule 13(g); rather, "[t]he decision whether to allow a cross-claim that meets the test of subdivision (g) is a matter of judicial discretion." 6 Wright et al., Federal Practice & Procedure § 1431, at 242 (footnote omitted); *see, e.g., Fogel v. United Gas Improvement Co.,* 32 F.R.D. 202,

204 (E.D.Pa.1963) (allowing cross-claims nearly three years after the original action upon finding no indications that it would delay or complicate the trial or bring about injustice to outweigh the benefit of resolving all the claims in one trial); *Lyons v. Marrud, Inc.* 46 F.R.D. 451, 456 (S.D.N.Y.1968) (allowing a cross-claim two years after the five related suits were commenced, when a bankruptcy order had restrained the proceedings and most pretrial discovery had yet to be done).

With leave of the Court, KS Gleitlager filed its third party claim against the Government on October 15, 2008, and the Government filed its answer thereto on December 11, 2008. Superior filed its cross-claim against the Government on December 18, 2008, shortly after the Government was brought into the action. Although the case arises out of an plane crash on May 24, 2005, Superior was not a party until Plaintiff filed the amended complaint on April 18, 2007.

The Government has not alleged in its motion to dismiss that the timing of Superior's cross-claim resulted in prejudice to the Government. Rather, the cross-claim was filed shortly after KS Gleitlager's third party complaint, and, as the Government points out, "[t]he allegations set forth in this document are essentially identical to those asserted in KS Gleitlager's Third–Party Complaint Against the United States. . . ." (Mot. at 5.)

The Government notes that Superior "did not request leave of Court to seek relief against the [Government]" and suggests that Superior "is attempting to circumvent the [Court's] Scheduling Orders . . . ." (*Id.* at 8.) Given the status of the proceedings when Superior filed its cross-claim and in light of the Court's prior scheduling orders and extensions, the Court agrees that it would have been better practice for Superior to request leave of the Court before filing its cross-

---

**10.** *See* 28 U.S.C. § 2675(a) (describing administrative procedures that must be followed before one can institute an action upon a claim against the Government, but stating that such provisions "shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim"); 14 Wright, Miller & Cooper, Federal

Practice and Procedure Juris.3d § 3658, at 337 (Supp.2009) (explaining that "when a defendant in a lawsuit files a third-party FTCA claim against the government, that third-party plaintiff does not have to have exhausted administrative remedies before bringing the claim" (footnote omitted)).

claim even if doing so is not expressly required by the Rules. In this instance, however, the Court would have granted such leave for the reasons described below and therefore shall not exercise its discretion to dismiss Superior's cross-claim.

█ Because there is no set time frame for cross-claims, "[g]enerally, most courts balance the interests of judicial economy and the general policy of avoiding multiple suits relating to the same events against the possibilities of prejudice or surprise to the other parties and decide the question of timeliness accordingly." 6 Wright et al., Federal Practice & Procedure § 1431, at 243. Given the status of the case when Superior filed its cross-claim (including the then recent introduction of allegations that an FAA employee's actions may have contributed to the accident in KS Gleitlager's third party complaint against the Government), allowing Superior's cross-claim would not have been likely to cause prejudice or undue complication or delay to the proceedings. *Cf. State Teachers Ret. Bd. v. Fluor Corp.*, 589 F.Supp. 1268, 1270 (S.D.N.Y.1984); *Lyons*, 46 F.R.D. at 453–54. The Court therefore rejects the Government's request to dismiss Superior's cross-claim as untimely.

## IV. Service of Superior's Cross–Claim

Additionally, the Government "seeks dismissal . . . for insufficiency of service" (Mot. at 5) arguing that Superior "is attempting to circumvent the . . . rules pertaining to the proper service of process against the United States" (*Id.* at 8 (citing Fed.R.Civ.P. 4(i))). The Government contrasts the approach taken by KS Gleitlager, which "properly sought leave of [the] Court before filing its third-party complaint against the United States, and commenced the suit by service of process against the United States as required under the Rules." (*Id.* at 7–8 (citations omitted).)

Different standards apply to the two filings, however, because the Government's status with respect to this action changed; specifically, the Government became a party and appeared in the present action. When KS Gleitlager filed its third party complaint upon the Government as a nonparty, Rule 4's requirements regarding service of a summons and complaint applied. The Government

then appeared before this Court when it filed its answer to KS Gleitlager's third party complaint. *See generally* 4B Wright & Miller, Federal Practice & Procedure § 1144 (discussing the relationship appearance by a party and service). At the time Superior filed its cross-claim, the Government was a party who already had appeared in the present action; therefore Rule 5 applied rather than Rule 4. *See Fluor Eng'rs and Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 & n. 7 (5th Cir.1985) (recognizing that before a party appears in the lawsuit, a cross-claim should be served along with a summons pursuant to Fed.R.Civ.P. 4 whereas service pursuant to Fed.R.Civ.P. 5(a) is appropriate once a party has appeared).

█ A crossclaim need not be served upon a cross-defendant who is already is a party to the action and within the court's jurisdiction; rather, "[i]t is sufficient under Rule 5(b) if the pleading is delivered to the attorney of any party who has appeared in the action." 6 Wright et al., Federal Practice & Procedure § 1407, at 41 (footnotes omitted). Rule 5 provides that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party," and, when read in conjunction with this Court's Local Rules, allows for electronic service using the Court's transmission facilities. Fed.R.Civ.P. 5(b)(1), 5(b)(2)(E), 5(b)(3); Local Civil Rule 5.2. Superior attached to its cross-claim a certificate of service evidencing such service upon the parties to the case, including the Government's lead attorney of record. The Government has not offered any argument that service upon its attorney pursuant to Rule 5 was insufficient or that any prejudice resulted. Accordingly, the Court rejects the Government's request that Superior's cross-claim should be dismissed for insufficiency of service.

## CONCLUSION

For the foregoing reasons, the motion to dismiss by cross-defendant, the Government, is DENIED in its entirety.

SO ORDERED.